```
 1
 2                      IN THE UNITED STATES DISTRICT COURT
 3                     FOR THE EASTERN DISTRICT OF CALIFORNIA
 4
 5
 6  JAMES JORDAN,
 7         Plaintiff,                        1:07 CV 0202 OWW WMW PC
 8         vs.                               ORDER GRANTING
                                             LEAVE TO
 9                                           FILE AN AMENDED COMPLAINT
10                                           (THIRTY DAY DEADLINE)
11  R. CHAPNICK, et al.,
12         Defendants.
13
14
```

Plaintiff is a former state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, formerly an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison. Plaintiff's claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that he was subjected to inadequate medical care.

Plaintiff alleges that in 1988, while incarcerated, he underwent eye surgery. Specifically, Plaintiff had a lens replacement. Plaintiff alleges that in 2005, he began to have trouble with his eye. As to Dr. Chapnick, Plaintiff has alleged facts indicating that Dr. Chapnick knew of and

disregarded a serious medical need of Plaintiff's. Plaintiff has stated a claim for relief as to Dr. Chapnick.

As to the remaining defendants, Plaintiff's allegations are vague. Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

In his complaint, Plaintiff refers to the negligence of medical staff. Plaintiff is advised the negligence, even gross negligence, is insufficient to establish deliberate indifference to serious medical needs within the meaning of the Eight Amendment.

Further, the remaining defendants are supervisory defendants. Liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

The court finds that, as to the remaining defendants, allegations are vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege

with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the remaining defendants must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint, this action will proceed against Defendant Chapnick. The court will send to Plaintiff the forms for service of process upon Defendant Chapnick. The court will recommmend dismissal of the remaining defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:     August 27, 2008**                              /s/  **William M. Wunderlich**
                                                                    UNITED STATES MAGISTRATE JUDGE