# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JORDAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHIEF MEDICAL OFFICER<br>R. CHAPNICK, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO.   1:07-cv-202-OWW-MJS (PC)<br><br>ORDER DENYING "MOTION REQUESTING ORDER THAT PROVISIONS OF LOCAL RULE 78-230(m) NO LONGER APPLY"<br><br>(ECF No. 29) |

Plaintiff James Jordan ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court is Defendants' "Motion Requesting Order that Provisions of Local Rule 78-320(m) No Longer Apply" [ECF No. 29]. Defendants submit that Plaintiff's change of address (ECF No. 24) indicates he is no longer a state prisoner and so the non-prisoner provisions of Local Rule 78-230 should now apply to Plaintiff's action.

Local Rule 78-230 governs the Court's civil motion calendar and procedure. The Local Rules have been amended since Defendants filed the instant motion, and the relevant provision is now Local Rule 78-230(l).  Rule 78-230(l) provides that when "one party is incarcerated and proceeding in propria persona," motions are "submitted upon the record without oral argument unless otherwise ordered by the Court."

At the time Plaintiff initiated the instant action, he was incarcerated at a correctional institution and proceeding in propria persona.  Therefore, the Court designated the case

as a prisoner case. On June 11, 2009, Plaintiff filed a Notice of Plaintiff's Mailing Address indicating that he was no longer incarcerated but instead residing in San Jose, CA. (ECF No. 24.)

Defendants correctly observe that Plaintiff's change in custody status puts this case outside Rule 78-230(l)'s definition of a prisoner case. For practical reasons, however, a case originally designated a prisoner case by the Court usually retains that designation until the case is closed.

The Court is obligated by law to follow distinctly different rules and procedures when managing prisoner litigation, and continuity is necessary for the Court to manage its docket. This Court has hundreds of pending prisoner cases and it would create an enormous burden (with little benefit) to change the designation of a case and corresponding procedures upon a change in a litigant's custody. For these reasons, this case shall remain a prisoner case, and Defendants' motion shall be denied.

Accordingly, it is HEREBY ORDERED that Defendants' Motion Requesting Order that Provisions of Local Rule 78-230(m) No Longer Apply [ECF No. 29] is DENIED.

IT IS SO ORDERED.

Dated:   July 13, 2010                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE