1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JORDAN, | CASE NO.   1:07-cv-202-OWW-MJS (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |
| v. | AND |
| R. CHAPNICK, | |
| Defendant. | DENYING DEFENDANT'S MOTION FOR SANCTIONS |
| _____/ | (ECF No. 31) |

Plaintiff James Jordan ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Complaint filed February 7, 2007.  The only remaining claim is against Defendant R. Chapnick for allegedly providing insufficient medical care in violation of the Eighth Amendment.

Before the Court is Defendant's March 30, 2010 Motion to Compel Plaintiff to supplement his responses to Defendant's first set of interrogatories and for sanctions for failure to comply with discovery obligations [ECF No. 31].  After requesting an extension, Plaintiff filed his opposition on May  20, 2010.  Defendant replied on May 24, 2010.  The matter is deemed submitted.  L.R. 78-230(l).

I.   **MOTION TO COMPEL**

A.   **Factual Background**

On October 8, 2009, Defendant served ten requests for admission and ten

companion interrogatories on Plaintiff.  This discovery was structured such that if Plaintiff responded to any of the requests for admission with anything other than an unqualified admission, the Plaintiff was to "state all facts, including the names, addresses, and telephone numbers of witnesses" in support of his contention.

Plaintiff responded with one unqualified admission; he denied the remaining nine requests.  He then answered each of the written interrogatories with the following: "Objection, Defendant's request for interrogatory No. ... is premature at the time. Therefore, Plaintiff ask that, Plaintiff be allowed an opportunity to amend Plaintiff's answer to this interrogatory, as Plaintiff's discovery proceeding reveal such informations requested by Defendants."  (ECF No. 31-5.)

Defendant advised Plaintiff that he found the answers insufficient.  Plaintiff then supplemented each answer as follows: "Objection, Compound, unintelligible, and assumes facts not in evidence.  Without waiving the objections, responding party has no such witness at this time, who supports Plaintiff's contention. . ."  (ECF No. 31-7.)

## B.    Legal Analysis

A plaintiff representing himself, as the Plaintiff is here, is required to follow the same procedural rules as represented parties. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

Plaintiff argues that the instant Motion should be denied because Defendant did not

1   meet and confer with him prior to filing.[1]   However, the Court's September 17, 2009

2   Scheduling Order excludes this action from the meet and confer requirement of Rule 37.

3   (ECF No. 28 ¶ 5.)

4          Plaintiff also objects that the interrogatories are compound, unintelligible and

5   assume facts not in evidence.  The Court agrees that the interrogatories are compound in

6   that each asks Plaintiff to identify both the facts and the witnesses supporting each of his

7   contentions.  See Trevino v. ACB American, Inc., 232 F.R.D. 612, 314 (N.D. Cal. 2006)

8   (where interrogatories contain three inquiries, they are compound and should be counted

9   as three interrogatories).  However, the compound nature of these interrogatories does not

10  absolve Plaintiff from answering them.  Id.  Even if each interrogatory is counted as

11  two—one inquiring about the facts supporting each contention and one inquiring about

12  witnesses with relevant information about each contention—Defendant is still within Rule

13  33's limit of no more than twenty-five interrogatories.  Accordingly, Plaintiff cannot avoid

14  answering the interrogatories based upon his compound objection.  See Willis v. Ritter,

15  2007 WL 2455873, *3 (S.D. Cal. Aug. 24, 2007) (party required to respond to compound

16  interrogatories that sought relevant information).   The Court does not agree that the

17  interrogatories are unintelligible or assume facts not in evidence. Each simply asks Plaintiff

18  to identify witnesses and facts in support of some of the precise contentions Plaintiff makes

19  in his complaint.  If he has supporting facts or witnesses, he must identify them.  If he does

20  not, he must say so.

21           Accordingly, Plaintiff's objections are overruled and Defendant's Motion to Compel

22  is granted.  Plaintiff shall further respond to Defendant's written interrogatories not later

23  than **August 18, 2010**.  Plaintiff shall answer each interrogatory "separately and fully in

24

25

26

27           [1]  Plaintiff also makes allegations of spoliation of evidence against Defendant and his attorneys.
    Plaintiff has filed a separate motion seeking sanctions for spoliation.  Because Plaintiff has not explained if
28  and how such spoliation may have contributed to his ability to respond to the written discovery propounded
    by Defendant, the Court will address the spoliation issue in a separate order.

1   writing under oath" without objection.[2]  Fed. R. Civ. Proc. 33(b)(3).

2          In this regard, the Court finds the  Plaintiff's prior responses to be ambiguous.

3   Plaintiff objected to the interrogatories and then went on to state that "without waiving the

4   objections" he was unaware of any witnesses.  It is unclear if he is answering only the

5   portion of the interrogatory to which he did not object or, alternatively, that, objections

6   aside, he knows of no such witnesses.  If the former, Plaintiff must identify every witness

7   and every fact he believes can or should support his contention.  If he does not know the

8   witness's name, he shall describe him or her with as much information he has as to what

9   the witness did, saw, or should have done or seen relative to each contention and as to

10  where the witness may be located.  If he does not know of or believe there are any such

11  witnesses, Plaintiff shall simply respond under oath without objection: "I know of no such

12  witness" or similarly unequivocal words.  Even if he does not know of any witnesses, he still

13  must describe the factual information or beliefs he is relying on to support his claims.  He

14  must do so even if he believes Defendant already possesses the information or material.

15  See Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) ("A requested party may not

16  refuse to respond to a requesting party's discovery request on the ground that the

17  requested information is in the possession of the requesting party.").  If Plaintiff believes,

18  as might be implied from his companion motion regarding spoliation, that Defendant has

19  or had evidence supporting Plaintiff's contentions, Plaintiff should describe fully what he

20  believes that evidence is or was, where it is or was, who has/had it, and why he believes

21  it supports his claim.

22          Plaintiff is advised that failure to comply with his discovery obligations may result in

23  the Court limiting the evidence he can present in support of his claim.  For example, if

24  Plaintiff fails to reveal a witness who has information regarding a particular contention, that

25  witness may be precluded from testifying about that subject should this matter proceed to

26

27          [2]  The Court has overruled the objections previously asserted by Plaintiff and any further objection
    has been waived.  See Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . .
28  ..")

1  trial.  See, e.g., Hindin/Owen/Engelke, Inc. V. Skilstaf, Inc., 2003 WL 25667624, *2 (C.D.

2  Cal. Feb. 7, 2003).  Failure to comply with this Order may also result in other sanctions,

3  including dismissal of this action.  Fed. R. Civ. Proc. 37(b)(2).

4  **II.      MOTION FOR SANCTIONS**

5        The Motion to Compel having been granted, the Court must now address whether

6  to grant Defendant attorney fees associated with filing the Motion.  Rule 37(a)(5) provides,

7  in pertinent part: "If the motion [to compel] is granted . . ., the court must, after giving an

8  opportunity to be heard, require the party or deponent whose conduct necessitated the

9  motion . . . to pay the movant's reasonable expenses incurred in making the motion,

10  including attorney's fees" unless "other circumstances make an award of expenses unjust."

11  Fed. R. Civ. Proc. 37(a)(5)(A)(iii).

12        In this case, considering all of the circumstances, including the nature of the

13  interrogatories, Plaintiff's responses and objections, and mutual efforts to resolve the

14  dispute, the Court will not order the imposition of monetary or other sanctions at this time.

15  However, in the event Plaintiff fails to fully respond to these interrogatories as directed

16  herein, Defendant is free to file another motion to compel and renew this motion for

17  sanctions.

18  **III.      CONCLUSION**

19        For the reasons stated above, Defendant's Motion to Compel Responses to

20  Interrogatories and Request for Sanctions [ECF No. 31] is GRANTED IN PART and

21  DENIED IN PART.  Plaintiff is ORDERED to respond to Defendant's written interrogatories

22  by **August 18, 2010**.  The Court acknowledges that its ruling on the instant Motion implicitly

23  extends the deadline for the completion of discovery.  Should either party desire to extend

24  any of the remaining deadlines, he should file a motion seeking such extension.

25  IT IS SO ORDERED.

26  Dated:      July 15, 2010              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

27

28