# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JORDAN, | CASE NO.   1:07-cv-202-OWW-MJS (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO CORRECT DOCKET ASSIGNMENT |
| R. CHAPNICK, | (ECF No. 53) |
| Defendants. | |

Plaintiff James Jordan ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's Motion to Correct Docket Assignment [ECF No. 53].

On June 26, 2010, Plaintiff completed and mailed his Motion for Appointment of Counsel to the clerk's office for processing.  The Motion to Appoint was processed by the clerk and docketed on June 28, 2010 as docket entry 47.  On June 27, 2010, Defendant Chapnick, through his attorney, electronically filed a Motion for Summary Judgment, which was assigned docket number 46.

The instant Motion to Correct Docket Assignment asks the Court to order the clerk to assign Plaintiff's Motion to Appoint as docket entry 46 and Defendant's Motion for Summary Judgment as docket entry 47 based on the fact that Plaintiff's Motion was mailed in before Defendant's Motion.  Plaintiff alleges that the Court's electronic filing system is biased against pro se parties because only parties represented by counsel are able to file electronically. Plaintiff argues that access to electronic filing gives represented parties an

1  advantage over pro se parties.

2      Having reviewed Plaintiff's motion and considered his arguments, the Court finds
3  that Plaintiff's allegations of bias are unfounded.  The docket number assigned to a motion
4  does not affect how the Court reviews or rules on it.  The Court reviews the merits of each
5  motion according to the contents of the motion papers themselves and does not consider
6  the order in which a motion was entered into the docket.  The Court denied Plaintiff's
7  Motion to Appoint for the reasons set forth in its Order (ECF No. 48) and not because it
8  was docketed after Defendant's Motion for Summary Judgment.

9      Plaintiff has failed to show that he has suffered any harm by his inability to file
10 documents electronically, and he has failed to show that the Court's policy on electronic
11 filing is biased.

12     Accordingly, Plaintiff's Motion to Correct Docket [ECF No. 53] is DENIED.
13 IT IS SO ORDERED.

14 Dated:   August 11, 2010          /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE