1

2

3

4

5

6

7

8

9

10

11

12

13

14

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES JORDAN,                                  CASE NO.    1:07-cv-202-OWW-MJS (PC)

          Plaintiff,

    v.                                        ORDER DENYING MOTION TO QUASH

R. CHAPNICK,

          Defendant.                    (ECF No. 49)

_____/

15       Plaintiff James Jordan ("Plaintiff") is a former state prisoner proceeding pro se and

16 in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 16, 2010,

17 the Court granted Defendant's Motion to Compel and ordered Plaintiff to supplement his

18 responses to Defendant's interrogatories by August 18, 2010. (ECF No. 45.)  In this Order,

19 the Court acknowledged that its ruling "implicitly extend[ed] the deadline for the completion

20 of discovery," previously set for  May 17, 2010.  (Id.; ECF No. 28.)

21       After the Court's ruling, Defendant issued three subpoenas for Plaintiff's medical

22 records.  Before the Court is Plaintiff's Motion to Quash those subpoenas.  (ECF No. 49.)

23       Plaintiff asks the Court to quash the subpoenas because they were filed after the

24 Court's May 17 discovery deadline.   Plaintiff's argument is not compelling, however,

25 because the Court explicitly extended the discovery deadline in its July 16 order.   The

26 Court ordered Plaintiff to supplement his responses to Defendant's interrogatories by

27 August 18, 2010.   It was foreseeable that Plaintiff's supplemental responses could

28 generate the need for additional discovery.  Thus, the Court's extension of the discovery

1  deadline allowed Defendant additional time to issue the subpoenas challenged here.

2  Additionally, it appears that, absent the instant Motion to Quash, Defendant would have

3  completed his additional discovery by the August 18 deadline.

4       Plaintiff also argues that Defendant served the subpoenas as part of a "fishing

5  expedition" and that some of the information Defendant seeks in the subpoenas is

6  privileged.[1]  Plaintiff does not dispute that he was treated at the two facilities subject to

7  subpoena.  Defendant represents that he seeks only Plaintiff's medical records relating to

8  his eye injury and/or subsequent care.  Because Plaintiff's eye condition is central to this

9  action, Defendant is entitled to review any and all records related thereto.  Plaintiff has

10  failed to identify why such records are privileged or otherwise establish a basis for

11  quashing the subpoenas.

12       Accordingly, Plaintiff's Motion to Quash [ECF No. 49] is DENIED.  Any and all

13  discovery shall be completed not later than **September 8, 2010.**  Further extensions will

14  not be granted absent a showing of good cause.

15

16  IT IS SO ORDERED.

17  Dated:    August 24, 2010          /s/ *Michael J. Seng*

18                                UNITED STATES MAGISTRATE JUDGE

---

27      [1] To the extent that Plaintiff objects to Defendant's subpoena of his mental health records from

28  Dr. Abkar Gilani, such objection is moot because Defendant has withdrawn that subpoena.  (See ECF No. 57-2 ¶ 7.)