UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JORDAN, | CASE NO. 1:07-cv-0202-MJS (PC) |
| Plaintiff, | **ORDER** |
| vs. | |
| R. CHAPNICK, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff James Jordan ("Plaintiff") is a former state prisoner proceeding without counsel and in forma pauperis with an action under 42 U.S.C. § 1983.

This case is referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2 on November 3, 2011 at 1:00 p.m.

In accordance with the above,  IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on November 3, 2011, at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2.

2. Plaintiff, Defendants' lead counsel, and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendants' behalf shall

1  attend in person.¹

2         3. Those in attendance must be prepared to discuss the claims, defenses
3  and damages.

4     The failure of any counsel, party or authorized person subject to this order to
5  appear in person may result in the imposition of sanctions.  Moreover, the conference
6  will not proceed in the face of any such failure to appear, but instead will be reset to
7  another date at which all will be ordered to appear.

9  IT IS SO ORDERED.

10  Dated:   October 20, 2011        /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).