UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JORDAN, | CASE NO. 1:07-cv-0202-MJS (PC) |
| Plaintiff, | ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION "TO REQUEST EARLY PRE-WITNESS LIST CALCULATIONS" |
| v. | (ECF Nos. 99 & 107) |
| R. CHAPNICK, et al. | |
| Defendants. | |

Plaintiff James Jordan ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis. Plaintiff has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.

Trial of this case is scheduled to begin March 29, 2012. In response to the directives of the Court's Amended Second Scheduling Order (ECF No. 95), Plaintiff on December 12, 2012, filed a motion requesting "early pre-witness list calculations". (ECF No. 99.) In said motion, Plaintiff identified some nineteen unincarcerated individuals and one prison inmate, Roger "William" Brown, as witnesses Plaintiff seeks to have made available to testify at trial.

On December 28, 2011, Defendant filed an opposition to issuance of an order directing that inmate Brown be made available to testify at the trial because, Defendant contended, Plaintiff failed to make the particularized showing necessary to secure attendance of an incarcerated witness. (ECF No. 107.)

Defendant is correct. Plaintiff has failed to comply with the requirements of sections

1 or 2 of the Court's Amended Second Scheduling Order and failed to provide the information required therein to enable the Court to determine whether production of an incarcerated witness is warranted.

Accordingly, Plaintiff's request that Mr. Brown be produced as a witness at trial is DENIED. However, inasmuch as Plaintiff timely filed his request and it was not ruled upon until after expiration of the Second Amended Scheduling Order's deadline for identification of incarcerated witnesses, the denial is without prejudice to Plaintiff filing a proper request for production of the incarcerated witness (with all information required by the Second Amended Scheduling Order) PROVIDED that the renewed request is filed **on or before January 27, 2012.** Failure to file a proper request by that date will result in the Court's refusal to consider the request.

Plaintiff's said motion also asks, in accordance with the Amended Second Scheduling Order, to have the Court calculate the travel expense allowed for each of the nineteen unincarcerated witnesses to travel to trial. Plaintiff's motion reflects his intent to seek trial subpoenas compelling the attendance of each of these said nineteen individuals.

This portion of the motion also is DENIED without prejudice. The Court is unable to fathom any circumstance in which all nineteen of these witnesses could have necessary, relevant and admissible evidence to offer at trial. It will not calculate travel expense or issue subpoenas to any such witness unless and until Plaintiff makes a showing that each **can and will provide necessary, relevant and admissible testimony** at trial. If Plaintiff wishes to proceed with his requests regarding these witnesses, he shall file with the Court **not later than January 24, 2012,** his declaration under penalty of perjury setting forth, as to each witness: 1) a brief statement as to what testimony Plaintiff believes the witness will offer in support of Plaintiff's case; 2) whether Plaintiff has discussed with the witness his intent to call the witness to testify; 3) whether the witness has communicated to Plaintiff a willingness to testify in Plaintiff's behalf; and, 4) whether the witness has communicated an ability to testify in support of Plaintiff's case in the manner set forth in 1) above. Defendant is invited to submit, not later than **January 24, 2012,** its own declaration(s)

addressing each of these four points as to each witness. On receipt of said declaration(s), the Court will determine which, if any, of the witnesses will be allowed to testify and will calculate and advise Plaintiff of the travel expense for each.

    IT IS SO ORDERED.

Dated:   January 12, 2012         /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE